**Musah MOHAMMED, Petitioner,**

**v.**

**Michael B. MUKASEY,**[1] **Respondent.**

**No. 07–3440–ag.**

United States Court of Appeals,
Second Circuit.

May 30, 2008.

Kai W. De Graaf, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Emily Anne Radford, Assistant Director, James A. Hunolt, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Musah Mohammed seeks review of a BIA order affirming the decision of Immigration Judge ("IJ") Gabriel Videla, denying Mohammed's self-styled "Motion to Reconsider," which the agency construed as a motion to reopen. *In re Musah Mohammed,* No. A71 500 851 (B.I.A. Jul. 13, 2007), *aff'g* No. A71 500 851 (Immig. Ct. N.Y. City, Sept. 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen or reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006); *Kaur v.*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

*BIA,* 413 F.3d 232, 233 (2d Cir.2005). "An abuse of discretion may be found in those circumstances where the [BIA]'s decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted). When the BIA does not expressly "adopt" the IJ's decision, but, as here, closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. Dep't of Homeland Security,* 448 F.3d 524, 528 (2d Cir.2006).

■ Mohammed claims that the agency erred in construing his self-styled "Motion to Reconsider" as a second motion to reopen and dismissing it on the grounds that it was numerically barred. *See* 8 C.F.R. § 1003.2(c)(2) (providing that "a party may file only one motion to reopen deportation" proceedings). He further claims that the IJ abused its discretion and/or denied Mohammed's right to due process by not affording him a hearing on his underlying claim that he was improperly ordered deported in light of his alleged G–1 visa. We find all of these claims to be meritless.

It is well settled that the agency must construe motions for their substance rather than their labels. *See Ke Zhen Zhao,* 265 F.3d at 90–91. Mohammed's first motion, entitled a "Motion to Rescind/Dissolve Deportation Order as Void *Ab Initio,*" was properly construed by the agency as a motion to reopen insofar as that motion sought to rescind Mohammed's 1994 in absentia order and obtain a decision based on evidence of his alleged legal status. *See Ke Zhen Zhao,* 265 F.3d at 90. Although Mohammed claims to have

brought that motion in the form of a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure, those rules have no application in his administrative proceedings. *See, e.g., Kalejs v. INS,* 10 F.3d 441, 447 (7th Cir.1993) ("The Federal Rules of Civil Procedure simply do not apply" to deportation proceedings); *Matter of Magana,* 17 I. & N. Dec. 111, 115 (BIA 1979). Mohammed's second motion, entitled a "Motion to Reconsider," was likewise properly construed by the agency as a motion to reopen because it presented new evidence and did not assert any errors of law or fact in the earlier decision. *See Ke Zhen Zhao,* 265 F.3d at 90 (holding that the BIA correctly construed petitioner's self-styled motion to reconsider as a motion to reopen); *see also* 8 C.F.R. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority.").

■ To any extent that the agency misconstrued the nature of either of Mohammed's motions—such that 8 C.F.R. § 1003.2(c)(2)'s numerical bar does not apply—we find neither an abuse of discretion nor a due process violation in the agency's decision to deny him an evidentiary hearing and not to rescind his outstanding deportation order. Mohammed's sole claim to relief was that he had legal status under a G–1 diplomatic visa at the time of his deportation order. But, as the agency correctly observed, the documents Mohammed submitted in support of his claim to that status raised significant questions as to their authenticity. In particular, the record evidence submitted by Mohammed reflected four different countries of his birth: Liberia, United Kingdom, Ivory Coast and Ghana. Under these circumstances, the agency acted well within its discretion in denying Mohammed's second

motion. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (explaining that a motion to reopen may be denied for, among other reasons, failure to establish prima facie eligibility for relief); *see also Poniman v. Gonzales,* 481 F.3d 1008, 1012 (8th Cir.2007) (holding that in the absence of credible evidence the BIA did not abuse its discretion in denying petitioner's motion to reopen).

Finally, we are aware of no case—and Mohammed cites none—affording him a due process right to a hearing on a post-final order motion. His reliance on the Declaratory Judgment Act, *see* 28 U.S.C. §§ 2201 & 2202, and the Federal Rules of Civil Procedure is misplaced. In any event, we need not decide this issue because it was not administratively exhausted. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED.